## RICHARDS vs. NOLAN & AL.

A receipt acknowledging *payment* for a lot, is evidence of a sale. If vendor or vendee live in the house after sale, possession follows title. The third possessor must be pursued by an action of mortgage.

APPEAL from the court of the third district

PORTER, J. delivered the opinion of the court. The petitioner claims title to a lot of ground in the town of Baton-Rouge, which she purchased by act *sous seeing privé* of one Philip Jacobs, and she complains that this lot has

been seized by the sheriff of East Baton-Rouge as the property of her vendor, at the suit of *John Nolan* vs. *Jacobs, Candee & Pintado.* She prays an injunction against the sale, that after hearing of the parties it may be made perpetual, and that she may have such other relief as her case authorises.

The defendants deny all the facts and allegations contained in the petition, except that the levy was made as therein stated. They aver that if any sale exist, it is fraudulent. That the property belonged to Jacobs, and that the plaintiff Nolan, had, and still has, a lien on it.

The case was submitted to a jury who found for the defendants. The court dissolved the injunction, and the plaintiff appealed.

The appellees have not appeared in this court, and the cause has been heard on the part of the appellant, who has made the following points:

1. That the instrument set forth in the defendants' plea as a mortgage, did not operate as such by law, and created no hypothecation upon the property described in the plaintiff's petition.

VOL. III. (N. S.) 43

2. That the sale of the property from Jacobs to the plaintiff was a good and valid one in law.

3. That the general mortgage, if valid, did not operate on the property conveyed to the petitioner.

We find it unnecessary to decide the first and second points made by the appellees.

The instrument introduced by the plaintiff, which is a receipt acknowledging payment of the house and lot, is evidence of Jacobs having alienated to her the property therein mentioned. *Toullier droit civil Francais, no.* 8, *cap.* 6, *sec.* 1 § 2, *nos.* 321 & 327.

The evidence establishes that both vendor and vendee continued to reside on the premises after the sale. In such a case possession follows title. Consequently the defendants could not seize and sell the property as that of the vendor. If they, or either of them had a previous lien, they should have proceeded against the plaintiff who stood in relation to them as a third possessor, by the action of mortgage. If the sale to the plaintiff was fraudulent, suit should have been brought to set it aside. They could not treat it as a nullity, and sell the property as if no alienation had ta-

ken place. *Civ. Code*, 460, *art.* 40, 41, 42, 43.
*Curia Phil. lib* 2, *verbo revocatoria, nos*, 1 & 2. 9
*Martin*, 649, *ibid*, 535.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and it is further ordered adjudged and decreed, that the injunction be made perpetual, and that the defendants pay costs, reserving to them, however, the right to enforce their claim on the property in dispute, by proceedings had in due course of law.

*Conrad* for the plaintiff.